# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ENIS LEONEL JUAREZ**                                    **CASE NO. _____**

**VERSUS**

**C&M MARINE VENTURES, LLC and**
**SAVARD LABOR & MARINE, INC.**

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Enis Leonel Juarez, who respectfully submits this Complaint and alleges as follows:

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### *Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the plaintiff was employed by the defendants in this district and the majority of the overtime hours worked by the plaintiff occurred within this district.

### *The Defendant*

3.

Made Defendants herein and liable unto Plaintiff are:

a.   C&M Marine Ventures, LLC, a Louisiana limited liability company domiciled in Madisonville, Louisiana; and

b.   Savard Labor & Marine, Inc., a Louisiana corporation domiciled and having its principal place of business in Baton Rouge, Louisiana.

*Statement of Facts*

4.

Defendant Savard Labor & Marine, Inc. ("Savard") is a staffing company that provides employees to various companies in and around the state of Louisiana.

5.

Defendant C&M Marine Ventures, LLC ("C&M Marine") is a company that provides various longshore services, including but not limited to the unloading and cleaning of barges on the Mississippi River.

6.

Plaintiff Juarez was hired by Savard and sent by Savard to work as a manual laborer for C&M Marine. At C&M Marine, Plaintiff was a dock-based laborer who cleaned the storage areas of river barges after they were unloaded. He was paid a flat amount per day, regardless of how many hours he worked.

7.

Savard puts itself forward as a specialist in providing skilled and non-skilled employees to marine/longshore employers. Savard paid Plaintiff for the work he performed for C&M Marine and did not pay him overtime for hours in excess of 40 hours per week.

8.

Upon information and belief, Savard and C&M Marine jointly determined that Plaintiff would be paid a "day rate" regardless of how many hours he worked each week.

9.

The FLSA applies to the employment of Plaintiff by Savard and C&M Marine.

10.

Defendants are the "employers" of Plaintiff as that term is defined by the FLSA.

11.

Defendant C&M Marine directed Plaintiff's work, supervised him, and controlled his schedule throughout the term of his employment with Savard and C&M Marine.

12.

Defendants C&M Marine and Savard are both "enterprises" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, defendant C&M Marine performs unloading and cleaning of barges on the Mississippi River that are moving goods in interstate commerce. Defendant Savard supplies C&M Marine with some of the labor it uses to perform its work in interstate commerce.

13.

Both Defendants have annual revenues that exceed $500,000.00.

14.

The defendants employed Plaintiff for approximately 11 months, from approximately May 2022 through April 2023. During that time, Plaintiff estimates that he consistently worked, on average, 57 hours per week. Despite working far in excess of 40 hours per week, Plaintiff was paid a day rate of $190 per day regardless of the number of hours he worked.

15.

Plaintiff was personally involved in interstate commerce. He was a shore-based

employee whose job was to clean out the cargo holds of barges after they had been unloaded of the cargo they were transporting in interstate commerce.

16.

Although Plaintiff spent part of his work day aboard unmanned barges moored at his employer's premises, he was not exempted from overtime pay under the FLSA. Plaintiff did not perform any work subject to the authority, direction, or control of the master of any ship. Further, Plaintiff's work was a part of C&M Marine's barge unloading operations and did not aid in the operation of the barges as a means of transportation.

17.

Section 207(a)(2)(C) of the FLSA mandates that non-exempt employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

18.

Despite the fact that Plaintiff was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. He was paid a day rate regardless of the number of hours he worked each week.

19.

Under the Fair Labor Standards Act, Plaintiff is entitled to payment of additional wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

20.

The defendants knowingly and willfully violated the FLSA. Plaintiff is therefore

also entitled to recover from Defendants an equal sum as liquidated damages, together with reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Enis Leonel Juarez prays for the following relief:

1. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendants;

2. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA; and

3. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd, Suite A
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*